**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| PLAZA ATHENEE, S.E.<br><br>   Plaintiff,<br><br>       v.<br><br>UNITED STATES FIDELITY AND GUARANTY CO.<br><br>   Defendant/Third-Party<br>   Plaintiff,<br><br>       v.<br><br>INGENIEROS & PROYECTISTAS, INC., ET AL.,<br><br>   Third-Party Defendants. | Civ. No. 01-2597(PG) |

**OPINION AND ORDER**

Before the Court is Third-Party Defendants' Motion for Reconsideration or to Alter Findings (Docket No. 115.)  Upon carefully reviewing the record, the Court **GRANTS IN PART DENIES IN PART** the motion.

**BACKGROUND**

Plaza Athenee, S.E. ("Plaintiff") entered into a contract with Ingenieros & Proyectistas, Inc., ("I&P") for the construction of the Plaza Athenee Condominium. United States Fidelity and Guaranty Company ("USF&G") issued a payment and performance bond to guaranty I&P's faithful performance of the work in accordance with the contract. Plaintiff and I&P later amended the original contract by means of an Interim Agreement and later by a Letter Agreement.

On November 21, 2001, plaintiff filed this breach of contract claim against USF&G claiming I&P defaulted under the Contract, the Interim Agreement, and the Letter Agreement inasmuch as it failed to achieve "substantial completion" of the project which caused plaintiff to incur in expenses to complete the work. On October 9, 2002, USF&G filed a Third-Party Complaint against I&P, Fernando Vigil Fernandez, Clarisse Piovanetti, Miguel A. Maldonado, and Rosario I. Guzman Nieto (collectively "defendants").

I&P filed a motion to dismiss for lack of subject matter jurisdiction which the Court denied. A month after the Court's ruling, I&P filed its answer to the third-party complaint and filed a Motion to Stay Pending Arbitration

or to Compel Arbitration (Docket No. 63.)

Upon reviewing the record, considering the particular circumstances of the case, specifically, the fact that mediation already took place, and that defendants did not pursue Alternative Dispute Resolution in state court, to avoid further delays, the Court denied defendants' request to stay. Defendants now seek reconsideration of that order. (Docket No. 115.)

## DISCUSSION

### I. Standard of Review

Motions for reconsideration are considered motions to alter or amend a judgment under Fed.R.Civ.Proc. 59(e). Standard Quimica De Venezuela v. Central Hispano Intern., Inc., 189 F.R.D. 202, 204 (D.P.R. 1999). Motions under Rule 59(e) are "aimed at reconsideration, not initial consideration." FDIC Corp. v. World University, Inc., 978 F.2d 10, 16 (1st Cir. 1992). Parties should not use them to "raise arguments which could, and should, have been made before the judgment [was] issued." Id. (quoting FDIC Corp. v. Meyer, 781 F. 2d 1260, 1268 (7th Cir. 1986)). Motions under rule 59(e) "must either clearly establish a manifest error of law or must present newly discovered evidence. They may not be used to present a new legal theory." Id.; see Bogosian v. Woloohojian Realty Corp., 323 F.3d 55, 72 (1st Cir. 2003). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked--matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2nd Cir. 1995). Motions under Rule 59(e) "cannot be used as a vehicle to relitigate matters already litigated and decided by the court. Standard Quimica De Venezuela, 189 F.R.D. at 205, n.4(citing Fine v. U.S. Department of Energy, 830 F.Supp. 570, 573 (D.N.M. 1993). Indeed, "motions for reconsideration are extraordinarily remedies which should be used sparingly and are typically denied." Villanueva-Mendez v. Nieves Vazquez, 360 F.Supp.2d 320, 324 (D.P.R. 2005)(internal quotations omitted).

### II. Analysis

Defendants allege that although they agree with the Court's ultimate conclusion, there are some manifest errors of facts that if allowed to stand can be misleading and have an effect or affect the parties' rights in the future of the proceedings in this case. They take issue of eight factual findings by the

Civ. No.01-2597 (PG)                                                    Page 3

Court.  The Court shall address each *seriatim*.

Defendants argue that the Court's finding that they had been brought into the case in October 2002 is not correct.  They submit they were brought into the case when they were summoned and not when the third-party complaint was filed. The Court had stated in its Opinion and Order the following: "Defendants were brought into this litigation on October 19, 2002. (Docket No. 18.) The summons were served on them between the months of November and December 2002. (Docket Nos. 25, 26, 27, and 28)."  The Court is well aware that defendants were not made part of the litigation until they were summoned.  The term "were brought into the litigation" was intended as a term of art to mean that third-party defendants' were first named and identified in October 2002 when the third-party complaint was filed.  Of course it did and does not mean that defendants were *in fact* part of the case before being summoned. In sum, because we find that there never was a manifest error of fact that alters this Court's conclusion, we see no reason why the Opinion and Order needs to be amended for this purpose.

Next, defendants content that the District Court's finding that defendants requested various extension of time to answer the complaint throughout the months of December, February, and March is incorrect.  Although this does not alter the Court's conclusion, upon revisiting the record, we find that indeed extensions of time were only sought from December to February, not including the month of March.  Accordingly, the Court amends the Opinion and Order *nunc pro tunc* to clarify so.

Defendants also aver that only two months and not five elapsed from the time the last defendant was served with process to their filing of the motion to dismiss. Defendants are referring to the Court's finding that "five months elapsed from the commencement of the litigation against defendants to the first time they mentioned the possibility of requesting arbitration."  As it is evident, the Court was not making reference to their motion to dismiss but to the motion to compel arbitration.  Thus, the Court need not amend its findings with regards to this issue.

Defendants further argue that although correct, the Court's finding that the first time they had mentioned arbitration was at a status conference is a manifest error in that it gives the impression that defendants had no interest in raising the defense at the beginning of the case, when they had no obligation to do so because jurisdiction was being contested. Defendants misconstrue the

Civ. No.01-2597 (PG)                                                    Page 4

Court's finding.  The Court was not stating whether they were obliged to raise the issue of arbitration but when the record reflected they had first mentioned the possibility of arbitration. Hence, there is no need to amend the opinion and order with regards to this argument either.

     Defendants also take issue with the Court's finding that the case remained stayed for several months while the parties exhausted ADR proceedings.  Indeed, defendants concede that it appears from the docket that during that period, there was no movement in the case. They claim, however, that the reality was other inasmuch as during that time, the parties engaged in extensive discovery. Plaintiffs concede that discovery was taking place but there is a discrepancy as to whether the depositions defendants' allege took place, actually did. Plaintiffs state that except for a meeting that took place in March 18, 2004, not much else occurred.  Whether the parties engaged in discovery or not throughout that period, does not really alter the Court's ultimate conclusion. Furthermore, as both parties so concede, the record shows a total lack of activity during that period of time which was the basis for the Court's finding. Nevertheless, and regardless of the parties opposing points of views as to what discovery actually took place, the truth is that both agree that discovery was in fact taking place. Therefore, the Court will amend its order to indicate that although from the record it appeared as though the case was stayed, while the parties exhausted ADR proceedings, they engaged in discovery.

     Likewise, defendants argue that the Court's finding that plaintiffs proceeded to renew discovery in May 2004 is incorrect because they had been doing discovery throughout the months of January to May 2004.  Defendants refer to the Court's finding regarding the procedural events once the case was referred on December 10, 2003 to Judge Mazzone for mediation (Docket No. 83.)

     As revealed by the record, on January 21, 2004, Judge Mazzone issued a Notice of Mediation and scheduled a Mediation Hearing for February 12, 2004. (Docket No. 86.) According to the minutes of the mediation conference, progress was achieved and a further conference was scheduled for February 20, 2004, unless the case was settled prior to that date. (Docket No. 87.) The record lacks any information with regards to the February 20 conference, but the Court understood that throughout that time the parties were actively working toward resolving their disputes.  As above mentioned, the Court understood that during those months the case remained stayed while the parties exhausted ADR

proceedings. Indeed, the Court believed the parties had taken advantage of the opportunity given to mediate and had reached a solution or at least a common ground with regards to their claims. Notwithstanding, in May 2004, the Court learned through Judge Mazzone's law clerk that the case would not be settled or resolved. Seeing that no progress was achieved through mediation, the Court scheduled a status conference for May 28, 2004 (Docket No. 88.) The Court stated in the Opinion and Order that "[p]laintiffs proceeded to ... renew discovery and four days prior to the status conference, filed an informative motion stating they had served USF&G with a First Set of Interrogatories and Production of Documents and sent copies of the same to defendants. (Docket No. 89)".

As we have indicated, from the record it appeared no discovery was taking place during those months. Nevertheless, although this does not alter the Court's conclusion, we amend the opinion and order to reflect accordingly.

Defendants next allege that the Court incorrectly concluded, based on defendants' actions, including those regarding discovery request, that they had the intention to fully litigate this case both in state and federal court. They argue this is not correct because they had to engage in discovery as it had not been stayed regardless of their intention to litigate or not. A review of the procedural events, however, belies defendants' argument.

Defendants were brought into this litigation during November and December 2002. Throughout the first five months they filed several motions requesting extensions of time to answer or otherwise plead. In February 2003, they filed a not so short motion to dismiss and requested to stay discovery pending resolution of the motion to dismiss. Both were ultimately denied in June 2003. Following the Court's ruling, defendants unsuccessfully moved to reconsider. Finally in August 2003, they filed the motion requesting arbitration. Throughout August, September, and October 2003, the parties filed requests for extensions of time to oppose defendants' motion (Docket (Nos. 65, 66, 70, 73, 77), and their respective responses and replies thereto. (See Docket Nos. 68, 72, and 78.) In those first months the amount of litigation did not seem like much. However, since then, a considerable amount of litigation has taken place including mediation proceedings and discovery disputes.

Because I&P claimed that "the parties [had] to mediate and arbitrate the various issues pending between them" (See Docket No. 73 at 3), in December 2003, the Court referred the case to Judge David Mazzone for mediation. In May 2004,

Civ. No.01-2597 (PG)                                                    Page 6

however, the mediation attempts were unsuccessful, hence the Court scheduled a status conference. At the conference held on May 28, 2004, the parties *requested* that discovery be allowed until right before Thanksgiving. (Docket No. 90)(Emphasis added). They further indicated that they would be ready for trial after the Christmas season. (Id.) Additionally, third-party defendants stated that they could demand arbitration in local court and were granted 30 days to inform whether they would or not. (Id.) What is more, the parties indicated they expected to file dispositive motions by the end of the year. (Id.)

    The deadline to inform whether defendants would demand arbitration in local Court was July 1, 2004. (Docket No. 90.) July 1st came and went and defendants failed to inform whether they were going seek arbitration in local court. More than three months passed and defendants did not inform whether they sought or would ever seek arbitration in local court. Accordingly, the Court determined that defendants' failure to inform the Court and to comply with the order to do so gave it reason to believe they would not demand arbitration in local court and neither did they intended to further pursue alternative dispute resolution mechanisms ("ADR"). In light of the above, and more so considering the recent motions that had been filed regarding discovery requests, the Court concluded that defendants' actions revealed an intention to fully litigate both in state and federal court. Upon once again reviewing the record, we find no reason why the Court's finding should be altered.

    Next, defendants aver the Court erroneously concluded that plaintiff had been prejudiced, their case had been delayed, and their legal and financial resources had been drained. Again, the Court disagrees with defendants.

    Throughout the case, plaintiffs had to defend themselves from defendants motion to dismiss, motion to compel, motion to stay, as well as in the state court proceedings defendants instituted against them after this Court denied their motion to dismiss. Furthermore, defendants had the opportunity to mediate the claims and it proved unsuccessful. Meanwhile, plaintiff's case was delayed. Defendants' filings during the first ten months coupled with the six months the case remained pending before Judge Mazzone while the parties explored the possibility of resolution through ADR undoubtedly prejudiced plaintiff and drained legal and fiscal resources.

    Other than arguing they disagree with the Court, defendants fail to proffer any reason why the Court's finding was erroneous or not supported by the

Civ. No.01-2597 (PG)                                                    Page 7

record. Accordingly, we do not alter the Court's findings regarding the prejudice plaintiff's suffered.

Lastly, defendants argue that, contrary to the Court's conclusion, the case did not remain stayed during the first ten months of litigation. As evidenced by the preceding discussion, the Court never said the case had been stayed for ten months. The Court said: "Defendants' filings during the first ten months coupled with the six months the case remained stayed while the parties explored the possibility of resolution through ADR undoubtedly prejudiced plaintiff...." Contrary to defendants' claim, the Court determined that filings were made during the first ten months. With regards to the staying of proceedings during the six months, the Court already stated it would amend its findings.

## CONCLUSION

Wherefore, the Court AMENDS its Opinion and Order (Docket No. 109) *nunc pro tunc* as follows:

- In page 1, paragraph 3 of the Factual Background, the sentences should read on October 9, 2002, USF&G filed a Third-Party Complaint.

- In page 3, the third sentence of the Analysis section should read "Throughout the months of December, January, and February, defendants filed several motions requesting extension of time to answer or otherwise plead."

- In page 5: the fourth sentence of the second paragraph should read: "Although from the record it appeared as though the case was stayed for several months while the parties exhausted ADR proceedings, the parties claim they engaged in discovery."

- In page 6: the first sentence should read: "Four days prior to the status conference, plaintiffs filed an informative motion stating they had served USF&G with a First Set of Interrogatories and Production of Documents and sent copies of the same to defendants."

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, October 6, 2005.

                                             S/JUAN M. PEREZ-GIMENEZ
                                             U. S. DISTRICT JUDGE